**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION**

RANDY HILLIARD,

Petitioner,

v.

T.L. GONZALES, Warden,

Respondent.

No. CV 11-8099-CBM (SH)

MEMORANDUM AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

## I. PROCEEDINGS

Petitioner, a prisoner in the custody of the California Department of Corrections and Rehabilitation, appears to challenge a 2009 decision of the Board of Parole Hearings ("BPH") finding petitioner unsuitable for parole.[1]

On September 29, 2011, petitioner filed a Petition for Writ of Habeas Corpus by a

---

[1] Petitioner does not allege the date on which the BPH denied him parole. However, an exhibit attached to the Petition indicates that the BPH denied him parole after a hearing on July 22, 2009. (See Petition, Exhibit 3 at 1 [May 18, 2010 Los Angeles County Superior Court Order denying habeas petition]).

Person in State Custody ("Petition") herein. As best the Court can glean from petitioner's allegations, the Petition alleges the following claims: (1) The BPH used unreliable evidence, a 2007 psychological evaluation, and used the actions of a crime partner, to find petitioner unsuitable for parole; and (2) The BPH improperly relied on immutable factors, an uncharged crime, to find petitioner unsuitable for parole. (Petition at 5).

## II. BACKGROUND

In 1983, petitioner was convicted in Los Angeles County Superior Court of first degree murder, with a weapon use enhancement. Petitioner was sentenced to state prison for 27 years to life. (See Petition at 2). His minimum parole eligibility date was March 1, 1998. (See Petition, Exhibit 3 at 1).

On July 22, 2009, the BPH conducted petitioner's parole suitability hearing.[2] The BPH denied petitioner parole for a period of three years. (See Petition, Exhibit 3 at 1).

Petitioner apparently filed petitions for writ of habeas corpus in the Los Angeles County Superior Court, the California Court of Appeal, and the California Supreme Court.[3] On May 18, 2010, the Los Angeles County Superior Court denied his habeas petition. (See Petition, Exhibit 3). On October 28, 2010, the California Court of Appeal denied his habeas petitioner. (See Petition, Exhibit 2). On May 11, 2011, the California Supreme Court summarily denied his habeas petition without citation of authority. (See Petition, Exhibit 1).

## III. STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996, a federal court

[2] Petitioner apparently had prior parole consideration hearings in 1997, 2003 2005 and 2007. (See Case No. CV 08-07147-CBM (SH); Case No. CV 09-07762-CBM (SH)).

[3] Petitioner did not provide the Court with copies of his state habeas petitions.

may not grant habeas relief on a claim adjudicated on its merits in state court unless that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

The term "clearly established Federal law" means "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." Lockyer v. Andrade, 538 U.S. 63, 71-72, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003); see also Williams v. Taylor, 529 U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)("clearly established Federal law" consists of holdings, not dicta, of Supreme Court decisions "as of the time of the relevant state-court decision").

When reviewing cases challenging parole suitability determinations, a federal court's decision regarding whether inmates denied parole received due process is a limited inquiry: whether "[t]hey were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied." Swarthout v. Cooke, 131 S.Ct. 859, 862-63, 178 Led.2d 732 (2011)("When , however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication–and federal courts will review the application of those constitutionally required procedures.").

## IV. DISCUSSION

### A. Petitioner's claims are not cognizable on federal habeas review.

Petitioner contends that the BPH's 2009 decision finding him unsuitable for parole was improper since the BPH considered unreliable evidence (i.e., a 2007 psychological evaluation, the actions of a crime partner) and immutable factors (i.e., an uncharged crime), and was not based on "some evidence" that he currently poses an unreasonable risk to public safety. (See Petition at 5).

Petitioner's claims are not cognizable on federal habeas review because they solely involve the application and/or interpretation of state law. See 28 U.S.C. § 2254(a); Swarthout v. Cooke, supra ("[I]t is no federal concern here whether California's "some evidence" rule of judicial review . . . was correctly applied."); Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."); Smith v. Phillips, 455 U.S. 209, 221, 102 S.Ct. 940, 71 L.Ed.2d 78 (1982) ("A federally issued writ of habeas corpus, of course, reaches only convictions obtained in violation of some provision of the United States Constitution."); Langford v. Day, 110 F.3d 1380, 1389 (9th Cir.)("We accept a state court's interpretation of state law, . . . and alleged errors in the application of state law are not cognizable in federal habeas corpus."), cert. denied, 522 U.S. 881 (1997).

**V. ORDER**

ACCORDINGLY, IT IS ORDERED that the Petition be denied, and that this action be dismissed with prejudice.

DATED: October 4, 2011

CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE

Presented by:
Dated: September 30, 2011

STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE